1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD RANDALL BERGMAN,<br><br>              Plaintiff,<br><br>       v.<br><br>COUNTY OF KERN, et al.,<br><br>              Defendants. | ) Case No.: 1:15-cv-01319 - TLN - JLT<br>)<br>) ORDER GRANTING DEFENDANT'S MOTION<br>) TO DISMISS WITH LEAVE TO AMEND<br>)<br>) (Doc. 9)<br>)<br>)<br>)<br>) |

Chad Bergman initiated this action against the County of Kern by filing a complaint on August 28, 2015, alleging employees of the County violated his civil rights by executing an unlawful arrest, using excessive force in the course of the arrest and failing to provide medical care in violation of the Fourth and Fourteenth Amendments to the Constitution . (Doc. 1) The County seeks dismissal of the complaint pursuant to Rule 12(b)(6). (Doc. 9) Plaintiff did not oppose the motion[1], and the Court took the matter under submission pursuant to Local Rule 230(g).

---

[1] Despite this, Defendants filed two documents titled, "Statement of Non-Opposition." (Docs. 14, 15) Seemingly, Defendants believe that unless they notify the Court of the failure of a party to oppose a motion, it cannot discern this fact on its own; Defendants are wrong. The Court is minutely aware of the documents filed on its docket and superfluous filings, such as these here, clog the docket unnecessarily. Notably, Defendants' statements of non-opposition were filed *after* the Court had already issued a minute order taking the matter under submission.

       Moreover, there is no authority for the proposition that a party to file a "statement of non-opposition" to the party's own motion. L.R. 230(c). Rather, a moving party is permitted to file a reply *only* to respond to arguments raised in an opposition. L.R. 230(d). When there is no opposition filed, even a reply is improper. Id. Defendants **SHALL** refrain from making further frivolous filings or be subject to sanction.

1    Because Plaintiff fails to allege facts sufficient to support his claims, Defendant's motion to

2    dismiss is **GRANTED** and the complaint is **DISMISSED** with leave to amend.

3    **I.      Pleading Requirements**

4    General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

5    complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of

6    the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

7    include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules

8    adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those

9    drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

10   A complaint must state the elements of the plaintiff's claim in a plain and succinct manner.

11   *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint

12   is to give the defendant fair notice of the claims against him, and the grounds upon which the

13   complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

14   Rule 8 does not require detailed factual allegations, but it demands more than an
     unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers
15   labels and conclusions or a formulaic recitation of the elements of a cause of action will
     not do. Nor does a complaint suffice if it tenders naked assertions devoid of further
16   factual enhancement.

17   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

18   **II.     Motions to Dismiss**

19   A Rule 12(b)(6) motion "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d

20   729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a

21   cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v.*

22   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  Thus, under Rule 12(b)(6), "review

23   is limited to the complaint alone."  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

24   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

25   as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell*

26   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court explained,

27   A claim has facial plausibility when the plaintiff pleads factual content that allows the
     court to draw the reasonable inference that the defendant is liable for the misconduct
28   alleged.  The plausibility standard is not akin to a "probability requirement," but it asks

2

1   for more than a sheer possibility that a defendant has acted unlawfully. Where a
2   complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops
    short of the line between possibility and plausibility of 'entitlement to relief.'"

3   *Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted).

4        A court must construe the pleading in the light most favorable to the plaintiff, and resolve all

5   doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not

6   whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to

7   support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and

8   unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the Court

9   "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead

10  sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181

11  F.R.D. 629, 634 (S.D. Cal. 1998).

12  **III.    Plaintiff's Allegations**

13       Plaintiff alleges that he was arrested on August 30, 2013 "near the intersection of El Tejon and

14  Oildale Drive, in an unincorporated area of Kern County." (Doc. 1 at 3) He asserts that "Does 1

15  through 50" — including "deputy sheriffs, officers, employees, and agents" of the County—executed

16  an arrest without probable cause, and with unreasonable force. (*Id.* at 3-4, 7, 9) According to Plaintiff,

17  Defendants "Does 51 to 100 . . . were negligent and careless with respect to hiring, training, supervision

18  and discipline" of Does 1 through 50. (*Id.* at 4) Plaintiff reports he suffered scrapes, bruises, "nerve

19  damage and numbness to both arms and hands," "shoulder injuries, torn or otherwise damaged tendons,

20  torn or otherwise damaged rotator cuffs, and other injuries" due to the actions taken in the course of his

21  arrest. (*Id.* at 5, 11) Further, Plaintiff alleges he needed medical care following the arrest, and that

22  "DOES 1 to 50, inclusive: (i) knew that Plaintiff was in need of immediate medical care; and (ii)

23  intentionally, deliberately, or deliberately indifferently failed to provide or summon such medical care."

24  (*Id.* at 11) Plaintiff asserts he "required hospitalization and was placed on life support for

25  approximately three (3) days." (*Id.*)

26  **IV.    Discussion and Analysis**

27       Based upon the facts alleged, Plaintiff identifies the following causes of action against the

28  County and the "Doe" defendants: (1) unreasonable and excessive force in violation of the Fourth

1   Amendment, (2) failure to provide medical care in violation of the Fourteenth Amendment, and (3)

2   civil conspiracy in violation of 42 U.S.C. §§ 1983 and 1988.  (*See generally* Doc. 1 at 2, 6-14)  The

3   County contends Plaintiff "fails to provide sufficient factual allegations to support any of the Claims."

4   (Doc. 9-1 at 2)

5       **A.**    **Causes of action arising under Section 1983**

6          Plaintiff asserts Defendants are liable for violations of his civil rights arising under the Fourth

7   and Fourteenth Amendment of the Constitution of the United States.  He seeks to raise these claims

8   pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights

9   elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  An individual may bring a civil

10  rights action pursuant to Section 1983, which provides:

11        Every person who, under color of any statute, ordinance, regulation, custom, or usage,
    of any State or Territory... subjects, or causes to be subjected, any citizen of the United

12  States or other person within the jurisdiction thereof to the deprivation of any rights,
    privileges, or immunities secured by the Constitution and laws, shall be liable to the

13  party injured in an action at law, suit in equity, or other proper proceeding for redress...

14  42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be

15  inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged

16  violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*,

17  529 F.2d 668, 670 (9th Cir. 1976).

18         A plaintiff must allege a specific injury he suffered and show causal relationship between the

19  defendant's conduct and the injury suffered.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  Thus,

20  Section 1983 "requires that there be an actual connection or link between the actions of the defendants

21  and the deprivation alleged to have been suffered by the plaintiff."  *Chavira v. Ruth*, 2012 WL

22  1328636 at *2 (E.D. Cal. Apr. 17, 2012).  An individual deprives another of a federal right "if he does

23  an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

24  legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*,

25  588 F.2d 740, 743 (9th Cir. 1978).  In other words, "[s]ome culpable action or in action must be

26  attributable to defendants."  *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D.

27  Cal. Apr. 13, 2012).

28  ///

4

#### 1.    Excessive force amounting to punishment

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

The Supreme Court explained,

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted).  In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).  In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007).  Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Here, Plaintiff fails to provide any facts related to the actions taken by officers in the course of

5

his arrest.  Though he states "DEPUTY T. MOORE, DEPUTY B. EIDENSHINK, SGT DELEON[2]
and DOES 1 to 50" used excessive force, there are no facts for the Court determine whether Plaintiff
posed a threat to the safety of others, whether he was arresting arrest, or whether the officers issued a
warning.  Plaintiff must do more than offer only his conclusion that the officers used excessive force;
he must provide sufficient facts to support his claim.  *Iqbal*, 556 U.S. at 678.  Moreover, to state a
claim arising under Section 1983, Plaintiff must allege clearly how each individual defendant—
including Doe Defendants—acted in a manner that caused a violation of his rights.  *See West*, 487 U.S.
at 48; *Johnson*, 588 F.2d at 742.  Given the lack of supporting factual allegations, Plaintiff fails to state
a cognizable claim for the use of excessive force, and this claim is **DISMISSED** with leave to amend.

## 2.    Arrests under the Fourth Amendment[3]

The Fourth Amendment prohibits arrests without probable cause or other justification, and
provides: "The right of the people to be secure in their persons. . . against unreasonable searches and
seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath
or affirmation, and particularly describing . . . the persons or things to be seized."  *U.S. Constitution,
amend. IV*.  A claim for unlawful arrest is cognizable when the arrest is alleged to have been made
without probable cause.  *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).
"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information
sufficient to lead a person of reasonable caution to believe that an offense has been or is being
committed by the person being arrested."  *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th
Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Although Plaintiff alleges the officers did not possess a warrant for his arrest and lacked
probable cause for doing so (Doc. 1 at 9), it is not clear which Defendants he believes are liable for his
claim.[4]

---

[2] Notably, Plaintiff has not identified these individuals as defendants.  He raises each cause of action in the
complaint only as to the County and "Does 1 to 100."
[3] Plaintiff does not identify this as a separate cause of action.  However, the Court construes the pleadings of a *pro
se* litigant liberally, and Plaintiff clearly alleges that he was "falsely arrested"(Doc. 1 at 4), and taken "into custody without
a warrant, reasonable suspicion or probable cause (*id.* at 9).
[4] Moreover, it appears Plaintiff is claiming that he suffered a detention separate and apart from the arrest.  However, he
offers no facts to support his claim that this occurred or to support that the arresting officers lacked probable cause to arrest

1

2

3   Because Plaintiff has not identified individuals who arrested him without a warrant, he fails to allege

4   sufficient facts to support his claim for a violation of the Fourth Amendment.  *See West*, 487 U.S. at

5   48; *Johnson*, 588 F.2d at 742.  As a result, this claim is **DISMISSED** with leave to amend.

6           **3.**        **Medical Care under the Fourteenth Amendment**

7         As individual in custody must rely upon officials for medical care, "deliberate indifference to

8   serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . .

9   proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), (internal citation

10  and quotation marks omitted).  However, when an individual, such as Plaintiff, has not yet been

11  convicted of a crime, the proper analysis of his rights occurs under "the more protective substantive due

12  process standard" of the Fourteenth Amendment rather than the Eighth Amendment.  *Jones v. Blanas*,

13  393 F.3d 918, 931-33 (9th Cir. 2004); *see also Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th

14  Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his

15  rights derive from the due process clause rather than the Eighth Amendment's protection against cruel

16  and unusual punishment").  Regardless, with issues related to health and safety, "the due process clause

17  imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson*, 290 F.3d at 1187.

18  Therefore, the Court looks to the Eighth Amendment to determine whether Plaintiff suffered a violation

19  of his right to adequate medical care.

20        To state a cognizable claim for inadequate medical care, Plaintiff "must allege acts or

21  omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*,

22  429 U.S. at 106.  The Ninth Circuit explained: "First, the plaintiff must show a serious medical need

23  by demonstrating that failure to treat a prisoner's condition could result in further significant injury or

24  the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's

25  response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.

26

27  him.  Notably, Plaintiff does not deny that he *was* prosecuted as a result of this arrest nor that the trial court did not make a

28  finding of probable cause.  If Plaintiff chooses to amend his complaint he SHALL clarify whether he is seeking to impose liability for an unlawful arrest and/or detention.

1    2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

2              a.     Serious medical need

3        A serious medical need exists "if the failure to treat the prisoner's condition could result in

4 further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974

5 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d

6 1133, 1136 (9th Cir. 1997) (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need

7 include "[t]he existence of an injury that a reasonable doctor or patient would find important and

8 worthy of comment or treatment; the presence of a medical condition that significantly affects an

9 individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at

10 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

11        Here, Plaintiff reports he suffered scrapes, bruises, nerve damage, "shoulder injuries, torn or

12 otherwise damaged tendons, torn or otherwise damaged rotator cuffs, and other injuries" as a result of

13 the actions taken in the course of his arrest. (Doc. 1 at 3, 11) Further, Plaintiff alleges he "required

14 hospitalization and was placed on life support for approximately three (3) days." (*Id.* at 3) Thus,

15 Plaintiff has alleged he suffered a serious medical need.

16              b.     Deliberate indifference

17        If a plaintiff establishes the existence of a serious medical need, he must then show that officials

18 responded to that need with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In

19 clarifying the culpability required for "deliberate indifference," the Supreme Court held:

20
21       [A] prison official cannot be found liable under the Eighth Amendment for denying an
      inmate humane conditions of confinement unless the official knows of and disregards
      an excessive risk to inmate health or safety; the official must both be aware of facts
      from which the inference could be drawn that a substantial risk of serious harm exits,
22       and he must also draw that inference.

23 *Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is

24 likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted).

25 When a defendant should have been aware of the risk of substantial harm to the prisoner but was not,

26 "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290

27 F.3d at 1188.

28        Where deliberate indifference relates to medical care, "[t]he requirement of deliberate

indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing *McGuckin*, 974 F.2d at 1060).  Claims of negligence are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Generally, a defendant may manifest deliberate indifference in two ways:  "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

In this case, Plaintiff fails to allege any of the deputies with whom he interacted had actual knowledge of his need for medical care.  Plaintiff does not allege he requested treatment or that his need for medical attention was apparent.  Indeed, Plaintiff fails to allege *when* he was hospitalized, or that he was "placed on life support" due to the injuries sustained during the course of his arrest.  The *conclusion* that officers demonstrated deliberate indifference to his medical condition, without more, is insufficient to state a claim.  Further, as explained above, Plaintiff fails to identify any specific officers (such as Doe 1, Doe 2 or Doe 10) who knew Plaintiff needed medical care and denied his access to treatment.  Therefore, Plaintiff's claim of inadequate medical care is **DISMISSED** with leave to amend.

### 4.       Municipal liability under Section 1983

As a general rule, a local government entity may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Rather, a local government entity may only be held liable if it inflicts the injury of which a plaintiff complains.  *Gibson*, 290 F.3d at 1185.  Thus, a government entity may be sued under Section 1983 when a governmental policy or custom is the cause of a deprivation of federal rights. *Monell*, 436 U.S. at 694.

To establish liability, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the District had a policy; (3) this policy amounted to deliberate indifference of her constitutional right; and (4) the policy "was the moving force behind the constitutional violation."  *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989));

*see also Monell*, 436 U.S. at 690-92.  There are three methods by which a policy or custom of a government may be demonstrated when:

> (1) A longstanding practice or custom…constitutes the standard operating procedure of the local government entity;
>
> (2) The decision-making official was, as a matter of law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or
>
> (3)  An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Pellum v. Fresno Police Dep't*, 2011 U.S. Dist. LEXIS 10698, at *8 (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005)).  Furthermore, a policy may be inferred if there is evidence of repeated constitutional violations for which officers were not reprimanded.  *Menotti*, 409 F.3d at 1147.

A policy amounts to deliberate indifference where "the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need." *Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010) (citing Oviatt, 954 F.2d at 1477-78); *accord Canton*, 489 U.S. at 390.  To establish deliberate indifference by a government, "the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation."  *Gibson,* 290 F.3d at 1186 (citing *Farmer*, 511 U.S. at 841).

Importantly, Plaintiff has not alleged any facts to support a finding that the County was on actual or constructive notice of any potential harm caused by its policies.  Though Plaintiff *concludes* the Kern County Sheriff's Department "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" he allegedly suffered (Doc. 1 at 7), Plaintiff has not identified any other events that would support that an unconstitutional custom exists and has not detailed the content of the alleged official policy.

Notably, the standard for deliberate indifference "is incredibly high; one that requires the plaintiff to establish more than one incident to create a patterned and pervasive violation." *Jaquez v. County of Sacramento*, 2011 U.S. Dist. LEXIS 11165, at *6 (E.D. Cal. Feb. 1, 2011) (citing *Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985)).  As a result, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration,

frequency and consistency that the conduct has become a traditional method of carrying out that policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Because Plaintiff fails to plead sufficient facts to support a finding that the County had an unconstitutional policy or custom, he fails to state a claim against the County arising under Section 1983.

### 5. Supervisor Liability

Plaintiff asserts Does 51-100 "are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs, practices, training and supervision with the respect to the use of force against suspects such as Plaintiff." (Doc. 1 at 6) Thus, Plaintiff seeks to hold these "Doe" defendants liable for their role as supervisors of Does 1-50.

Significantly, the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation under Section 1983 simply by virtue of that role. *Monell*, 436 U.S. at 691; *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, supervisor liability exists "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885, F.2d 642, 646 (9th Cir. 1989). A causal link between a supervisor and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).

In the Complaint, Plaintiff fails to plead sufficient facts to support his claims that the subordinate officers "Does 1 through 50" violated his constitutional rights. Further, Plaintiff fails to plead *any* facts which could impose any liability under this claim. The Court cannot presume a causal link f between the actions of subordinate officers, the supervisors, and Plaintiff's alleged injuries. Because the facts alleged are insufficient to impose supervisor liability under *Monell*, Plaintiff has failed to state a claim against Does 51-100 under Section 1983.

### B. Conspiracy

Plaintiff's third cause of action is for civil conspiracy under federal law. (Doc. 1 at 13) In the

context of conspiracy claims brought pursuant to section 1983, a plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). A claim of conspiracy requires a plaintiff to "demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citations omitted). In addition, a plaintiff must show an "actual deprivation of constitutional rights." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989)).

In this regard, Plaintiff fails to meet his burden to identify "which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997). There are no facts supporting Plaintiff's assertion that Defendants formed a conspiracy or explaining how his injury resulted from that conspiracy. Instead, Plaintiff provides little more than a "mere allegation of conspiracy without factual specificity." *Karim-Panahi*, 839 F.2d at 626. Moreover, as discussed above, Plaintiff fails to allege facts supporting a finding that he suffered a violation of his constitutional rights. Consequently, Plaintiff's claim that Defendants conspired to deprive him of these rights lacks sufficient factual support.

## V.    Conclusion and Order

Plaintiff has failed to provide sufficient facts sufficient to support his claims. However, Plaintiff may cure the deficiencies identified in this order if he provides additional facts to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts alleged, and that an opportunity to amend would be futile).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.     Defendant's motion to dismiss (Doc. 9) is **GRANTED**;

2.     Plaintiff's Complaint is **DISMISSED WITH LEAVE TO AMEND**; and

3.     Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

12

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.   **If Plaintiff fails to comply with this order to file an amended complaint, the Court may dismiss this action due to his failure to prosecute it and his failure to obey the Court's order**.

IT IS SO ORDERED.

Dated:   __October 30, 2015__                    _____ **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE

13