# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RANDALL BERGMAN,<br><br>           Plaintiff,<br><br>     v.<br><br>COUNTY OF KERN,<br><br>           Defendant. | Case No.: 1:15-cv-01319 - TLN - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Plaintiff Chad Bergman is proceeding *pro se* in this action against the County of Kern, alleging employees of the County violated his civil rights by executing an unlawful arrest, using excessive force in the course of the arrest and failing to provide medical care in violation of the Fourth and Fourteenth Amendments to the Constitution. (Doc. 1) Because Plaintiff has failed to prosecute this action and failed to comply with the Court's orders, it is recommended that the action be **DISMISSED** without prejudice.

**I.     Background**

Plaintiff filed his complaint for damages on August 28, 2015. (Doc. 1) The County filed a motion to dismiss the complaint, which was granted by the Court on November 2, 2015. (Docs. 9, 16) The Court ordered Plaintiff to file an amended complaint within thirty days of the date of service. (Doc. 16 at 12) Because Plaintiff failed to file an amended complaint, the Court issued an Order to Show Cause why the action should not be dismissed on June 13, 2014. (Doc. 17) In addition, the

Court reminded Plaintiff that the action may be dismissed for Plaintiff's failure to prosecute and failure to comply with the Court's orders. (*Id.* at 2) To date, Plaintiff has failed to comply with the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this

action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, the court warned: "**If Plaintiff fails to comply with this order to file an amended complaint, the Court may dismiss this action due to his failure to prosecute it and his failure to obey the Court's order**." (Doc. 16 at 13, emphasis in original). In the Order to Show Cause, the Court reminded Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 17 at 2) Thus, Plaintiff had adequate warnings that dismissal would result from his noncompliance with the Court's orders, and his failure to prosecute the action. Further, these warnings satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.   Findings and Recommendations

Plaintiff failed to comply with, or otherwise respond to, the Court's orders dated November 2, 2015 (Doc. 16) and December 9, 2015 (Doc. 17). Consequently, Plaintiff has also failed to prosecute this action through his failure to file a First Amended Complaint.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED without prejudice**; and
2. The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 30, 2015**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE